UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASHON TYRONE JACKSON,<br><br>        Petitioner,<br><br>  v.<br><br>PAM AHLIN, Executive Director of the Coalinga State Hospital,<br><br>        Respondent. | 1:12-cv—01163-AWI-SKO-HC<br><br>ORDER RE-DESIGNATING THE ACTION AS A PETITION FOR WRIT OF HABEAS CORPUS (DOC. 1) AND DIRECTING THE CLERK TO NOTIFY THE PARTIES<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITIONER'S STATE LAW CLAIMS WITHOUT LEAVE TO AMEND (DOC. 1)<br><br>FINDINGS AND RECOMMENDATIONS TO REFER THE PETITION BACK TO THE MAGISTRATE JUDGE TO ORDER A RESPONSE TO THE PETITION<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

    Petitioner is a person involuntarily committed to state custody pursuant to California's Sexually Violent Predator's Act (SVPA) who is proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.  Pending before the Court is the petition, which was filed on July 12, 2012.

I.   Re-designating Petitioner's Action

Review of the pleading filed by Petitioner reflects that Petitioner is challenging the legality or duration of his confinement.  Accordingly, the action, which upon intake was initially designated as a civil detainee's civil rights complaint, should be re-designated as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Clerk of the Court is DIRECTED to change the designation of the present case to reflect that of a habeas corpus action by adding a suffix of "HC" to the case number and to send a notice of the new case number to all parties in this action.

Further, the parties are DIRECTED to use the re-designated case number, to which the "HC" suffix has been substituted, in all the pleadings and documents filed in this action.

II.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Rule

2

4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, in the petition,[1] which including exhibits is 263 pages in length, Petitioner appears to be challenging actions or orders of the Superior Court of the State of California, County of Sacramento in proceedings against Petitioner undertaken pursuant to California's Sexually Violent Predators Act (SVPA). Petitioner filed his lower state court habeas petitions in the Sacramento County Superior Court and the Court of Appeal of the State of California, Third Appellate District. Further, his petition was filed in the Sacramento division of this Court. Nevertheless, the petition was transferred to this division of this Court on July 17, 2012.

---

[1] With the exception of the first page and a few pages at the end of the last volume of exhibits, the docketed version of the petition and exhibits does not bear page numbers at the top of the filed document. Page references will be to those appearing at the top of the petition form; it will not be possible to give page references for the remainder of the petition, which consists of exhibits.

3

1   Petitioner alleges he is an inmate of the Coalinga State
2 Hospital who was convicted of two counts of rape and is serving a
3 two-year commitment pursuant to the SVPA. He also alleges that
4 he is also currently awaiting trial, and may be facing another,
5 separate round of commitment proceedings.
6   Petitioner names the executive director of the Coalinga
7 State Hospital, where he is confined, as the Respondent. He
8 alleges that he has presented his claims to all the state courts.
9 (Pet. at 3-6.) Petitioner refers to amendments to the
10 commitment statutes that were passed in 2006 that provide for an
11 indeterminate commitment instead of commitments with a fixed
12 duration. Petitioner further argues that he has been held
13 erroneously for over sixteen years.
14   Petitioner raises the following claims in the petition and
15 the supporting memorandum of points and authorities: 1) The SVPA
16 evaluators used an underground rule and regulation to commit
17 Petitioner because they failed to follow California's
18 Administrative Procedure Act, Cal. Govt. Code §§ 11349 et seq.,
19 when formulating the evaluators' manual and standardized
20 assessment protocols (pet. 7); 2) the SVPA evaluators used a
21 fictitious mental disorder, "Paraphilia NOS," as Petitioner's
22 diagnosis (id. at 8); 3) "Current Civil Commitment is Coexist on
23 Fraud, Deceit and a Misrepresentation of the Diagnosis of
24 Paraphilia-NOS" because Petitioner's convictions were the sole
25 factual basis for the diagnosis (id. at 9); 4) rape is not a
26 mentally diagnosable disorder, and thus Petitioner's commitment
27 is false imprisonment without a legitimate diagnosis (id. at 11);
28 and 5) based on the foregoing facts, Petitioner's commitment

4

violates Petitioner's right to due process of law guaranteed by the Fourteenth Amendment because in committing Petitioner, the government engaged in arbitrary action, and the nature and duration of the commitment do not bear a reasonable relation to the purpose of the commitment (unpaginated).

III. <u>State Law Claims</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. –, –, 131 S.Ct. 13, 16 (2010) (per curiam).

Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. <u>Wilson v. Corcoran</u>, 562 U.S. at 16; <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991). Thus, alleged errors in the application of state law are not cognizable in federal habeas corpus. <u>Souch v. Schaivo</u>, 289 F.3d 616, 623 (9th Cir. 2002). In a habeas proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless it is determined that the interpretation is untenable or a veiled attempt to avoid review of federal questions. <u>Murtishaw v.

5

1  Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

2     Here, many of Petitioner's claims are based solely on state
3  law.  Petitioner's first claim that the SVPA used a regulation in
4  violation of California's Administrative Procedure Act presents
5  exclusively a state law question, namely, whether or not the
6  evaluators misinterpreted or misapplied state law.  Petitioner's
7  third claim may be somewhat uncertain, but it appears to be that
8  use of Petitioner's rape convictions as the sole factual basis
9  for a diagnosis of Paraphilia-NOS produced an erroneous diagnosis
10 that was misrepresented as true.  Petitioner's second through
11 fourth claims are thus understood as allegations that SVPA
12 evaluators made a fictitious and thus mistaken diagnosis, and
13 that rape is not a mentally diagnosable disorder.  These
14 allegations amount to claims that the evaluators erroneously
15 interpreted or applied the state law protocols.

16    In short, Petitioner's first through fourth claims amount to
17 state law claims that are not cognizable in this proceeding
18 because this Court is bound by the California courts'
19 interpretation and application of California law.  There is no
20 indication in the record that any interpretation of state law
21 involved in this proceeding is untenable or a veiled attempt to
22 avoid review of federal questions.  Accordingly, it will be
23 recommended that Petitioner's first through fourth claims be
24 dismissed.

25    Because the defect in these claims is based not on a dearth
26 of factual allegations, but rather on the nature of the claims as
27 arising solely from state law, Petitioner could not allege
28 tenable claims even if leave to amend were granted.  Accordingly,

it will be recommended that these claims be dismissed without leave to amend. Additionally, because Petitioner's fifth claim appears to be cognizable in this proceeding, it will be recommended that the matter be referred back to the Magistrate Judge to order a response to the remaining claim in the petition.

IV. Recommendations

Accordingly, it is RECOMMENDED that:

1) Petitioner's first through fourth claims be DISMISSED without leave to amend as state law claims not cognizable in a proceeding pursuant to 28 U.S.C. § 2254; and

2) The matter be referred back to the Magistrate Judge to direct the filing of a response to the remaining claim in the petition.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d

1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **November 14, 2012**     /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE