# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASHON TYRONE JACKSON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>PAM AHLIN,<br><br>　　　　Respondent. | Case No. 1:12-cv-01163-AWI-SKO  HC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT DENY THE PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 1) |

Petitioner proceeds *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Since 1997, he has been confined in the custody of the California Department of Mental Health pursuant to the Sexually Violent Predator Act (California Welfare and Institutional Code §§ 6600 *et seq.*) ("SVPA").  The sole claim remaining before this Court is whether his Fourteenth Amendment constitutional right to due process was violated when the State of California committed him as a sexually violent predator based on the erroneous mental disorder of Paraphilia NOS and using improperly promulgated regulations and procedures.

## I.　　Procedural and Factual Background

In 1980, Petitioner was convicted of unlawful sexual intercourse with a minor (California Penal Code § 261.5(a)).  In 1983, Petitioner was convicted of forcible rape (California Penal Code

///

1

§ 261(a)(2)). In 1987, Petitioner was convicted of another offense of forcible rape (California Penal Code § 261(a)(2)).

On June 2, 1997, following a trial in the California Superior Court for Sacramento County, a jury found Petitioner to be a sexually violent predator within the meaning of the SVPA. The trial court committed Petitioner to the custody of the California Department of Mental Health for two years. Thereafter, pursuant to Petitioner's self-commitment, the trial court repeatedly extended his term of commitment for two years in 1999, 2001, 2003, and 2005.

On April 20, 2007, the District Attorney again petitioned the Sacramento County Superior Court for extension of Petitioner's commitment. On August 20, 2007, the trial court found probable cause that Petitioner was likely to engage in sexually violent predatory behavior upon release and ordered him detained in a secure facility pending trial. As a result of Petitioner's multiple requests to continue the trial date, the matter remains pending.

The parties do not dispute jurisdiction or venue.

## II. Fourteenth Amendment Due Process Violation

The Fourteenth Amendment of the U.S. Constitution provides, in pertinent part, "No State shall . . . . . deprive any person of life, liberty, or property, without due process of law." "[T]he Due Process Clause provides that certain substantive rights—life, liberty and property—cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). Petitioner contends that he has been erroneously deprived of his liberty based on the State's committing him as a sexually violent predator.

### A. Procedural Bar

Respondent contends that because Petitioner did not include a due process claim in his state habeas proceedings until he was before the California Supreme Court, his federal due process claim is procedurally barred. The California Supreme Court denied the claim on procedural grounds based on the state's prohibition on reconsidering appellate issues on habeas corpus that could have been,

but were not, raised on appeal. *In re Dixon*, 41 Cal.2d 756 (1953); *In re Lindley*, 29 Cal.2d 709 (1947). Petitioner did not reply to this issue.

A district court cannot hear a federal petition for writ of habeas corpus unless the highest state court has a full and fair opportunity to hear a claim. 28 U.S.C. § 2254(a). When a state prisoner has defaulted on his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). An adequate rule is one that is "firmly established and regularly followed." *Id.* (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)); *Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir. 2003). An independent rule is one that is not "interwoven with federal law." *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000) (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983)). Not having addressed this issue in his traverse, Petitioner did not establish grounds for this Court to hear the petition despite the California Supreme Court's determination.

Even though it appears that Petitioner's due process claim is procedurally barred, Respondent encourages the Court to reach the due process claim in light of the complexity of fully analyzing the procedural bar issue. Respondent's position is consistent with the principle that a court reviewing a federal habeas case need not address a procedural bar issue if addressing another issue on its merits will resolve the petition against the petitioner. *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). Accordingly, the undersigned recommends that the Court resolve the petition on its merits.

### B. Due Process Violation

Petitioner contends that his confinement violates the substantive due process provisions of the Fourteenth Amendment as a cumulative result of the state law errors set forth in the four grounds of his habeas petition that were previously dismissed. Accordingly, the question presented is

3

whether the state courts' application of the SVPA in this case violated federal due process. Respondent contends that Petitioner's Fourteenth Amendment claim is no more than a subterfuge to achieve federal court review of the state-law claims that the Court has already dismissed.

The substantive component of due process protects against governmental interference with those rights "implicit in the concept of ordered liberty." *Palko v. Connecticut*, 302 U.S. 319, 324-25 (1937), *overruled on other grounds by Benton v. Maryland*, 395 U.S. 784, 794 (1969). Substantive due process forbids governmental infringement of fundamental liberty interests, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest. *Reno v. Flores*, 507 U.S. 292, 301-02 (1993). When a detainee is not confined as a result of a criminal conviction, the due process clause requires the nature and duration of confinement to bear a reasonable relation to the purpose for which the individual has been committed. *Youngberg v. Romeo*, 457 U.S. 307, 320-21 (1982).

The SVPA authorizes civil commitment at the conclusion of a criminal sentence of "a person who has been convicted of a sexually violent offense against two or more victims for which he or she received a determinate sentence and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." California Welfare & Institutions Code §6600(a). To satisfy due process requirements, the SVPA requires the trier of fact to find that the sexually violent predator is dangerous at the time of commitment, and currently suffers from diagnosed mental disorder which prevents him or her from controlling sexually violent behavior and which makes him dangerous and likely to reoffend. *See* U.S.C. Const. Amend. 14; Cal. Const. Art. 1, § 7; Cal. Welf. & Inst. Code § 6600(a); *Hubbart v. Superior Court*, 19 Cal.4th 1138 (1999).

In the four dismissed state-law grounds, Petitioner challenged the state's application of the SVPA to him, contending that (1) the evaluators used an underground rule and regulation to commit Petitioner; (2) the evaluators based Petitioner's commitment on a fictitious disorder, "Paraphilia

4

NOS"; (3) Petitioner's commitment resulted from fraud, deceit, and misrepresentation of the diagnosis of "Paraphilia NOS"; and (4) Petitioner was being falsely imprisoned without a diagnosable mental disorder. To resolve Petitioner's due process claim, the Court would need to resolve the same state-law issues that it dismissed following screening.

"[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Federal habeas corpus relief is generally "unavailable for alleged error in the interpretation or application of state law." *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004) (quoting *Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1994)). A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

### C.  Conclusion

Because determining whether civil commitment violated Petitioner's 14th Amendment rights would require this Court to re-evaluate the California court's state-law determinations of state-law questions, the undersign recommends that the Court dismiss Petitioner's due process claim as not cognizable in a federal habeas corpus proceeding.

## III.  Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

    (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

       (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

       (B)  the final order in a proceeding under section 2255.

   (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

   (3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court declines to issue a certificate of appealability.

### IV.  Conclusion and Recommendation

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus with prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the Honorable Anthony W. Ishii, the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C §

636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections.  The parties are advised that, by failing to file objections within the specified time, he or she may waive the right to appeal the District Court's order.  *Martinez v.Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 30, 2015**                                    **/s/ Sheila K. Oberto**
                                                                                UNITED STATES MAGISTRATE JUDGE